UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

TONY SHOMAR LEWIS,

        Petitioner,

        v.

CHARLES DANIELS, Warden,
Federal Correctional Institution,
Sheridan, Oregon,

        Respondent.
_____

Civil No. 07-836-HA

OPINION AND ORDER

HAGGERTY, Chief Judge:

        On June 5, 2007, petitioner filed a petition for a writ of habeas corpus [2] pursuant to 28 U.S.C. § 2241. He invokes this court's jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343(4). Petitioner is a federal prisoner incarcerated by the Bureau of Prisons (BOP) at the Federal Correctional Institution in Sheridan, Oregon (FCI-Sheridan).

1 - OPINION AND ORDER

Petitioner alleges that the BOP wrongfully declared him ineligible for a discretionary sentence reduction. In its Response to Habeas Petition [7], which this court construes as a motion for dismissal, respondent argues that the petition should be denied on grounds that petitioner was properly found ineligible for any sentence reduction.

## BACKGROUND

Petitioner was convicted in September 2004 of Possession of a Controlled Substance with Intent to Distribute pursuant to 21 U.S.C. § 841(a)(1) in the Northern District of California. He received a total guideline sentence of seventy months. His current projected good conduct time release date is October 17, 2008. Petitioner has been found eligible for the BOP's Residential Drug and Alcohol Treatment Program (DAP), but ineligible for any reduction in his sentence that is authorized by 18 U.S.C. § 3621(e)(B)(2) upon completion of all three phases of DAP. Respondent asserts that petitioner is ineligible for any sentence reduction because of a prior conviction for Felon in Possession of a Firearm. Resp. at 3.[1]

The United States Code directs the BOP to provide substance abuse treatment to prisoners who have a "treatable condition of substance addiction or abuse." 18 U.S.C. § 3621(b). Relatedly, Congress made sentence reductions available to certain prisoners who completed the substance abuse treatment programs. 18 U.S.C. § 3621(e)(2)(B). The possibility for a sentence

---

[1] Although the Response later states that "[i]t is the respondent's position that inmate Lewis is not being deprived of any statutory or constitutional right as his conviction for *robbery* renders him ineligible for early release consideration," Resp. at 3 (emphasis added), respondent provides no other evidence or documentation that petitioner's disqualification for any sentence reduction was due to a prior robbery conviction. Instead, counsel repeatedly asserts that the disqualification was due to his conviction for being a felon in possession of a firearm. *See* Resp. at 3, 5; *see also* Declar. of Dr. Eric Evenson at 2.

2 - OPINION AND ORDER

reduction provided by § 3621(e) is recognized as a tangible, significant incentive to prisoners to complete a drug abuse program. *Cort v. Crabtree*, 113 F.3d 1081, 1085 (9th Cir. 1997).

To implement § 3621, the BOP promulgated regulation 28 C.F.R. § 550.58 and Program Statement 5162.04, which set forth the eligibility for the early-release incentive. Section 550.58 provides in relevant part:

> (a) Additional early release criteria.
>
> (1) As an exercise of the discretion vested in the Director of the Federal Bureau of Prisons, the following categories of inmates are not eligible for early release:
>
> * * *
>
> (iv) Inmates who have a prior felony or misdemeanor conviction for homicide, forcible rape, robbery, or aggravated assault, or child sexual abuse offenses;

Similarly, Section 6.1.1 of Program Statement 5330.10, entitled "EARLY RELEASE QUALIFICATIONS," denies eligibility for early release to those inmates who have a prior felony or misdemeanor conviction for homicide, forcible rape, robbery, or aggravated assault, or child sexual abuse offenses. Section 6.1.1(a)(1)(iv); *see also Sisneros v. Anderson*, 2007 WL 3512647, at *1 (D. Minn. November 14, 2007) (quoting BOP Program Statement 5330.10).

## ANALYSIS

Respondent's reliance upon petitioner's prior conviction for Felon in Possession of a Firearm as grounds for declaring petitioner ineligible for any sentence reduction is meritless. Respondent relies upon decisions in *Lopez v. Davis*, 531 U.S. 230 (2001) and *Arrington v. Daniels*, 465 F. Supp. 2d 1104 (D. Or. 2006). *See* Resp. at 5. These decisions hold that the BOP permissibly exercised its discretion under § 3621(e)(2)(B) when it categorically excluded from

3 - OPINION AND ORDER

early release consideration inmates who possessed a firearm in connection with their *current*, nonviolent offenses. *Lopez*, 531 U.S. at 237; *Arrington*, 465 F. Supp. 2d at 1108.

The Supreme Court's decision in *Lopez*, upon which *Arrington* rests, turned on the Court's agreement with the BOP that the BOP's "denial of early release to all inmates who possessed a firearm in connection with their current offense rationally reflects the view that such inmates displayed a readiness to endanger another's life; accordingly, in the interest of public safety, they should not be released months in advance of completing their sentences." *Lopez*, 531 U.S. at 240 (footnote omitted). The question presented here, however, does not involve an inmate who possessed a firearm in connection with his current offense, but rather one who has a prior conviction for possessing a firearm.[2]

As noted above, the BOP has identified explicitly the prior convictions that disqualify an inmate for early release: a prior felony or misdemeanor conviction for homicide, forcible rape, robbery, or aggravated assault, or child sexual abuse offenses. *See Sisneros*, 2007 WL 3512647, at *1 (quoting BOP Program Statement 5330.10). Respondent's contention that petitioner should be disqualified for early release because of his prior conviction for possessing a firearm, therefore, must be rejected. This court finds that the BOP's determination that petitioner is disqualified from the early release incentive available under 18 U.S.C. § 3621(e)(b)(2) because of his pre-conviction conduct (a conviction for being a Felon in Possession of a Firearm) was in conflict with the BOP's established policies and Program Statements, and was arbitrary and capricious.

---

[2] It is true that petitioner has been serving a concurrent eighteen-month supervised release violation term "imposed in connection with the prior firearms offense." Reply at 2. However, that firearms conviction is undeniably a "prior offense," and not a current offense.

## **CONCLUSION**

This court concludes that the BOP improperly deemed petitioner ineligible for a discretionary sentence reduction under 18 U.S.C. § 3621(e)(2)(B). Petitioner's petition for a writ of habeas corpus [2] is therefore GRANTED AS FOLLOWS: the BOP is ordered to declare petitioner eligible for a discretionary sentence reduction under 18 U.S.C. § 3621(e)(2)(B) and to comply fully with the guidance provided by the United States Supreme Court: "[w]hen an eligible prisoner successfully completes drug treatment, the Bureau . . . has the authority, but not the duty, both to alter the prisoner's conditions of confinement and to reduce his term of imprisonment." *Lopez*, 531 U.S. at 241.

IT IS SO ORDERED.

DATED this   6   day of December, 2007.

                         /s/ Ancer L. Haggerty
                         Ancer L. Haggerty
                         United States District Judge